*JANUARY 1827.*

Rather
v.
Owen.

*a* Laws Ala. 477.

---

## BENNETT v. BLACK.

1. In action for malicious prosecution on charge of robbery, in taking a slave from defendant, the declaration of the person claiming title to the slave, " that he had determined to abandon his claim to the slave, though made in the absence of the plaintiff, is admissible.
2. Defendant's affidavit, that plaintiff violently, and with force and arms, seized upon and took from his possession a slave, his, defendant's property, and a warrant to arrest plaintiff, " to answer a charge of robbery by forcibly taking a negro from possession" of defendant, and that warrant before executed, was read by the justice to defendant, are good evidence in action for malicious prosecution on charge of robbery.
3. This action may be sustained, if it appear that defendant, without probable cause, and with malice, instituted the prosecution; and malice may be inferred from want of probable cause.

In the Circuit Court of Madison county, Black declared *vs.* Bennett for a malicious prosecution in having a warrant issued against him, and having him arrested for the crime of robbery, in forcibly taking a negro slave from Bennett's possession, not guilty, and issue verdict and judgement for the plaintiff.

On the trial the plaintiff gave in evidence, a warrant for the apprehension of himself, Hugh M. Miller, and Francis W. Flanagan, " to answer a charge of robbery, by *forcibly* taking one negro from and out of the possession of Samuel Bennett," and the affidavit made by Bennett as the foundation of the warrant, stating that Flanagan, Black and Miller, violently, and with force and arms, seized upon and took from his possession, and against his will, a negro slave, his property, and proved by the justice of the peace who issued the warrant, that after issuing it, he read it to the defendant. The plaintiff also proved, that Miller had applied to counsel for advice, in relation to the negro, stating that the negro was in dispute between him and Bennett, and was advised by the counsel, to get the negro into his possession, if he could do so without committing a trespass.

That the negro was in the employment of one Murrell, having been hired to him by Miller some months before.

The defendant proved, that Miller employed Flanagan to come with him from Hazlegreen to Huntsville, to take this negro and another also in defendant's possession, to Hazlegreen ; that Flanagan, when he arrived in Huntsville, found that Miller's title to the negroes was disputed, that Miller abandoned his claim to one of them, and the evening before possession was taken of the one mentioned in the warrant, he, said Miller, had determined to abandon his claim to her : Here the witness was stopped by the plaintiff's counsel, who moved the Court to exclude from the jury, said declarations of Miller, of his intentions of abandoning his title, because they were not made in the presence of the plaintiff. The Court stopped the witness from testifying further on that subject, and informed the jury that Miller's declarations made when the plaintiff was not present, were not proper evidence for their consideration, and that the defendant could not prove against the plaintiff, title to, or possession of said negro by Miller's statements, unless made in the presence of the plaintiff.

It was also in proof, that the next morning after the said declarations of Miller, the plaintiff came to him, and advised him that if he would go with plaintiff, he would get for him (Miller) possession of the negro mentioned in the affidavit and warrant, that Miller, plaintiff, and Flanagan accordingly went to Murrell's house, and Miller took possession of the negro in company with the

plaintiff; that defendant was present, and forbid them taking her; Miller attempted to strike defendant, and was prevented by plaintiff and others. Some abusive words passed from plaintiff to defendant, plaintiff then having hold of the negro after Miller had taken possession of her, and after they had come out of the lot where she was taken, with Miller. Miller then delivered the negro to Flanagan, who carried her off.

This being all the evidence, the defendant by his counsel moved the Court to instruct the jury.

1. That the circumstance of the warrant having been read by the justice to the defendant before it was executed, was not legal evidence to charge him.

2. That the warrant did not contain a charge of felony, or any crime which would authorize the present action.

The Court declined giving such instructions, and instructed the jury, that if they should believe from the affidavit, and the circumstance of the warrant being read to the defendant, and other circumstances, that it was the intention of the defendant to prosecute the plaintiff for robbery, and that there was not probable cause for such prosecution. that the crime charged in the warrant was sufficient to support this action, if they had proof of malice; which they might infer from the want of probable cause. To all which the defendant excepted.

Bennett here assigned as errors,

1. The Court erred in excluding the declaration of Miller as stated in the bill of exceptions, and in informing the jury that Bennett could not against Black, prove title or possession by the the statements of Miller, unless made in the presence of Black.

2nd. and 3rd. In refusing the instructions moved for by the counsel for the defendant, and in the instructions given to the jury.

McKinley and Hopkins, for plaintiff.

Kelly and Hutchinson, for defendant in error.

JUDGE CRENSHAW delivered the opinion of the Court.

We are of opinion that the Circuit Court erred in rejecting the testimony as set forth in the first assignment. We think that the instructions given to the jury, were in other respects correct. Judgement reversed, and cause remanded.