JACKSON, *ex dem.* NORRIS and others *against* SMITH.

Of the evidence necessary to make out usury.

EJECTMENT for the north half of lot No. 68, Verona, Oneida county; tried at the circuit in that county, October

The lender's stating that he had made a usurious loan to the borrower in one year, at a certain rate and on certain security, and that such were his usual terms, will not authorize a

10th, 1826, before WILLIAMS, C. Judge. It appeared that the lessors of the plaintiff were the heirs of R. Norris; and that the defendant had contracted with him to purchase the premises in question of him; and was in possession under the contract. Norris, the ancestor, had given to him a bond for a deed, of the premises in question, *being the same as the defendant deeded to Norris, bearing even date with a bond from the defendant to Norris, conditioned for $579. The dates of both were December 27th, 1822; and the bond payable at instalments of 2, 5, and 12 years.

ALBANY,
Oct. 1827,

Jackson
v.
Smith.

[*718]

S. Smith, (a witness for the defendant,) the brother of the defendant, testified, that the defendant had possessed and claimed to own the premises in question for 13 years; that 5 years ago this fall he went to Norris, the ancestor, to borrow money, who told him his manner of letting was at 75 dollars on 300, and to have the borrower's land made over to him, and then give back a bond for a deed; and that he had loaned money to the defendant on those terms; that he preferred this mode as the easiest and cheapest way. The defendant then showed a deed in fee of lot 68 from P. S. by D. C. and G. S., his attorneys, (but without any power of attorney to them,) to the defendant, dated June 5th, 1820. J. Phillips, another witness for the defendant, testified, that 5 years ago this fall, he applied to Norris, the ancestor, to borrow money, who stated his terms at about 73 dollars interest on 300; and paying interest on the whole, and that he could have it at 10, 12, or 15 years, on these terms. The witness objected; and Norris replied he had done the same thing by the witness' neighbor, Smith, the defendant. He also said the witness must either secure it by bond and mortgage, or by a deed and bond, taking a bond back for a deed; that he had taken a deed and bond

jury to presume that a loan in the next year to the same borrower, for a different sum, on the same kind of security, was usurious; or that a security in the same form taken the next year, for a different sum, was a renewal of the former security, or in any manner connected with it.

The general character or habit of a usurer, is not a foundation for presuming usury in a particular loan.

One who contracts to buy land of another; and enters under such contract, is, in ejectment, estopped to show title out of the vendor.

But *semb.* he may do so, if the contract be usurious.

from Smith, the defendant, and given a bond for a deed back. The defendant then offered in evidence a deed from the defendant to Norris, of the premises in question, dated December 1st, 1821. This was objected to as irrelevant, but admitted. It expressed a consideration of 370 dollars.

The judge charged the jury, that if they believed the defendant's witnesses, the arrangement between Norris and the defendant amounted to an agreement to receive more than 7 per cent. per annum, on a loan of money; that the bonds executed, therefore, were void for usury; that there was no positive proof that the contract for a purchase *and sale given in evidence, were renewals of the former bonds, or had any connection with them; and they ought not, without satisfactory evidence, to presume that the bonds of 1822, were connected with those of a previous year; but that, if the jury thought the facts proved in the case would warrant it, they might presume a connection, or that the bonds of 1822 were renewals of those in 1821. In that case, the defendant would be entitled to their verdict; otherwise the plaintiff.

Verdict for the defendant.

A motion was now made in behalf of the plaintiff for a new trial.

*G. C. Bronson,* for the plaintiff.

*J. A. Spencer,* contra.

*Curia,* per SUTHERLAND, J. The judge erred in intimating to the jury, that they might legally presume the bonds of December, 1822, a renewal of, or connected with the usurious loan of 1821. There were no facts in the case which could legally warrant such a presumption. That Norris made an usurious loan to the defendant in 1821, for 370 dollars, was, perhaps, sufficiently established; but there was not a particle of evidence to connect the loan of 1822 with that transaction. It was for $579; nearly double the former loan. It was not, therefore, at all events, a mere renewal of the former bond; and it is necessary to presume another loan added to the original sum.

and both embraced in the latter. This may have been the fact; but there was not a particle of evidence to show it. The evidence makes out that Norris was in the habit of loaning money at usurious interest, and it is altogether probable that this was a loan of that description; and the jury, undoubtedly, founded their verdict very much, if not entirely, upon the fact of his general character or habit as a usurer. That is not a legal foundation for the verdict. The transaction of 1821, therefore, should have had no influence upon the verdict; and the judge should have so charged the jury.

*The defendant having taken a contract from Norris, for the purchase of the premises in question, was estopped from denying his title, or showing title in himself, unless he could succeed in proving the whole transaction to have been a cover for an usurious loan. In that he failed. The charge, therefore, was erroneous; and the verdict against evidence.

New trial granted.