## LEWIS E. LAKE & others *vs.* NORMAN P. CLARK.

In an action for breach of warranty that certain onions were well cured, fit for storing and merchantable, evidence that other onions, which belonged originally to the same general lot, are bad and worthless, not ripe or properly cured, is inadmissible, if there is no evidence that they have been subject to the same conditions as the onions concerning which the breach is alleged; which preliminary question is for the judge, not for the jury, to determine; and no exception lies to his finding thereon.

In an action for breach of certain alleged special warranties of quality of a lot of onions

the defendant contended that there was no warranty, but that he sold them to the plain-tiff subject to proving satisfactory on inspection, and it appeared that the plaintiff, on seeing them, rejected the whole lot at first because of the color of part of them, but after-wards agreed to take it, and did take it, at a deduction from the price originally stipulated, which reduced price the defendant agreed to receive, and did receive, in full payment. *Held*, that the judge rightfully refused, as inapplicable to the facts, a ruling, otherwise unobjectionable, requested by the plaintiff, defining the nature of the warranty of mer-chantable quality which the law implies in ordinary cases of sale of goods which the pur-chaser has not at or before the time of the sale a sufficient opportunity to inspect.

CONTRACT on an alleged breach of warranty in the sale of a lot of onions.

The case was tried in the superior court before *Lord*, J., who allowed a bill of exceptions substantially as follows:

" There was evidence tending to show that on November 7, 1865, the defendant sold to the plaintiffs a car load of onions to be forwarded to Worcester within the next fortnight, and made certain representations which the plaintiffs contended amounted to a warranty that the onions were well cured, fit for storing and merchantable; that on November 13 or 14 the defendant forwarded them by railroad from Amherst to Worcester, where they arrived on November 16 and were delivered to the plaintiffs on November 18, being at the time of delivery in the car, and being in bulk four hundred and forty-seven bushels; that at the same time with these the defendant forwarded two other car loads of onions to other parties in Worcester; that they were from the same lots from which the plaintiffs' onions were taken; that the onions were all raised by the defendant and one Hobart; and that the cars were all loaded indiscriminately, some of each being put into each car.

" There was also evidence tending to show that the onions for-warded to the plaintiffs were not ripe when they were harvested, and had not been properly cured; and that onions not ripe when harvested and not properly cured are not merchantable or fit for storing and cannot be kept in store without spoiling.

" And there was evidence tending to show that the quality of onions depended upon the time when they were gathered, the condition of ripeness at that time, the time they lay upon the ground, the mode in which they were stored, the length of time

they were in the cars, the quantity which might be in bulk together, and particularly the state of the weather while they were in the cars; and that onions raised in the same field were not necessarily alike.

" The plaintiffs offered to prove that the other onions forwarded by the defendant to other parties, as aforesaid, were bad and worthless, and were not ripe or properly cured; but the judge, being of opinion that there was no evidence that the onions sold to others had been subject to the same conditions as those sold to the plaintiffs, rejected the offered evidence."

The plaintiffs asked the judge to rule that the purchaser has a right to expect a salable article, and that the law implies that the seller warrants that the article shall be of a merchantable quality and salable in the market, in all cases where the purchaser has not before or at the time of the sale a sufficient and reasonable opportunity of inspecting it, and there are no circumstances to negative the presumption that such an article was intended to be purchased. The plaintiffs had offered· evidence tending to show that there were certain specific warranties such as he declared upon; and the defendant had offered evidence tending to show that there was no warranty, and that the onions were sold subject to proving satisfactory on inspection ; and both parties had offered evidence to the effect that the onions were seen, on their arrival at Worcester, by the plaintiffs, and were at first rejected by them because of the color of a portion of the lot, but that the plaintiffs afterwards agreed to take them upon a deduction from the original contract price, which was made, and the price so fixed was thereupon paid by the plaintiffs to the defendant before they removed the onions from the car. The judge said that as a mere proposition of law upon a state of facts to which it was applicable there was no objection to the rule asked for, but it was not applicable to the state of the case upon any view of the evidence.

A verdict being returned for the defendant, the plaintiffs al leged exceptions.

*G. F. Verry*, for the plaintiffs.

*P. E. Aldrich*, for the defendant.

CHAPMAN, J. The question between the parties related to the particular property which was sold by the defendant to the plaintiffs, and not to that which was sold to other parties. The plaintiffs offered to show that the onions sent to other parties by the defendant were not ripe or properly cured, and were bad and worthless. But the judge held that in order to make this evidence admissible, it was necessary that it should appear that the other onions had been subject to the same conditions as those sold to the plaintiffs, and he found that there was no evidence of the fact. On that ground he rejected the evidence as to their quality. When the admissibility of evidence depends upon the decision of a preliminary fact of this character, the preliminary fact may be decided by the judge, unless in the exercise of his discretion he leaves it to the jury; and no exception lies to his decision. 1 Greenl. Ev. § 49. *Gorton* v. *Hadsell,* 9 Cush. 511. Upon the finding of the judge, the evidence as to the other onions raised a collateral issue, and was not admissible, because it was not pertinent to the issue on trial. *Lincoln* v. *Taunton Copper Co.* 9 Allen, 181.

The judge held correctly that the ruling which the plaintiffs' counsel asked for in regard to an implied warranty, was not applicable to the present case upon any view of the evidence as stated in the report.     *Exceptions overruled.*