## ALEXANDER R. LINN ET AL. v. BAXTER A. GILMAN.

*Account stated—Settlement with employee for expenses—Offers of testimony —Incompetency of evidence as to private expenditures.*

A commercial traveler was sued by the firm who employed him as for money which they claimed to have overpaid him in refunding his traveling expenses, which they were in the habit of doing on reports which he presented, and which, in their declaration, they allege to have been false. Plaintiffs filed a bill of particulars of the debit items against the defendant, which the latter admitted. *Held,* that as one of the plaintiffs admitted that the matter to which defendant's admission referred had gone into an account stated the plaintiffs were bound by this admission, and, as there was no legal evidence of fraud, the plaintiffs were not entitled to recover on the strength of defendant's admission of the items set forth.

In an action by a firm of merchants against their traveling man to recover money overpaid to him in refunding his traveling expenses, the action being based on the theory that he had reported his expenses as larger than they actually were, it was not error to exclude evidence of the actual expenses of other traveling men over the same route in the same years, and that they were much less than were charged by defendant. Such matters are *res inter alios acta*, and if the circumstances are not identical they cannot be relevant.

The statement of what it is proposed to show in making an offer of testimony, is assumed to include all that is meant to be shown in addition to what has been already submitted, and if what is offered, though taken in connection with the evidence previously given, is incompetent to establish the main fact, it is proper to exclude the testimony.

An offer of testimony must, in a review of the case, be considered as it was made, and no facts not expressed or clearly implied can be intended.

In an action by employers against an employee for money claimed by the plaintiffs to have been paid him on false statements of his account against them, testimony to show that defendant has expended more than his salary besides supporting his family, and that he had no other source of revenue, is properly excluded, as there can be no presumption that he has wrongfully obtained so much as was not paid him in wages.

Error to Superior Court of Detroit. Submitted June 22. Decided October 12.

ASSUMPSIT. Plaintiff brings error. Affirmed.     •

*Atkinson & Atkinson* for plaintiffs in error. Accounts stated may be attacked for fraud or mistake: *Wiggins v. Burkham* 10 Wal. 129; *Lockwood v. Thorne* 1 Kern. 170; *Philips v. Belden* 2 Edw. Ch. 1; *Rich v. Eldredge* 42 N. H. 153; and an agent who has presented an account to his employer cannot impute neglect to the latter in paying it: *Beaumont v. Boultbee* 5 Ves. 485.

*Griffin, Dickinson, Thurber & Hosmer* for defendant in error.

GRAVES, J. Some account of the origin of this controversy and of its character, is necessary at the outset. The plaintiffs were wholesale grocers at Detroit and in January,

1871, they hired the defendant, Gilman, as an agent to travel for them and make sales and collections. He was to receive a salary and have his expenses borne. He continued until the year 1878 but the terms underwent variation. The particulars are not now important. The course pursued by mutual acquiescence and assent was for the defendant to make trips occupying a few days and on his return report a gross sum as paid for expenses and hand over the remainder. About the middle of 1875 the plaintiffs informed him that his expenses were regarded as too large, and in the next year they footed up a little less. The course pursued amounted to a practical liquidation of the accounts from time to time and their accuracy was not disputed during the employment. The plaintiffs neither called for any revision of the charges nor suggested the least suspicion against their integrity. The ground of complaint in 1875 was that the expense actually incurred was higher than the plaintiffs were willing to bear and not that it was being, or had been, falsely represented above the true amount. If the objection at that time had been for the reason last mentioned the plaintiffs would have dismissed the defendant at once instead of retaining him as they did in the same place of trust and confidence.

In 1879 and after the employment was ended the plaintiffs set up a claim. It was not put on the ground of mistake, nor on the ground that the real expense had been grossly extravagant and unreasonable. It was not pretended that the cause of what was complained of was high and reckless living or wanton failure to scale down and correct the bills at public houses and elsewhere. But the precise foundation of the claim was that in giving in his several reports of trip expenses the defendant had falsely and fraudulently swelled the amounts by fictitious additions to the actual expenditures —that he had obtained credit for moneys on the pretence of having expended them for traveling purposes, whereas he well knew he had not expended them at all.

To enforce this claim, to establish this fraud and recover its alleged fruits, the plaintiffs brought this action. The

defendant pleaded the general issue with notice of set-off, and the plaintiffs filed a bill of particulars apparently covering all the debit items of whatever nature against the defendant and amounting in the aggregate to nearly $20,000.

The trial came on and the record states that "to maintain the plaintiffs' case the defendant's counsel admitted the items charged in the bill of particulars, reserving the right to cross-examine the plaintiff as to them, and for that purpose William F. Linn, one of the plaintiffs, was called and testified as follows"—and succeeding this statement, the record shows an elaborate examination of this witness by questions and answers, many of the questions being by plaintiffs' counsel. Still pursuing the record, the next proceedings are as follows :

"The plaintiffs' counsel then produced as witnesses a number of persons engaged as traveling men, upon the route mentioned, and proposed to show by said witnesses, what the actual expenses in traveling that route are, for the different years in question in this suit," and the proposition was rejected. "Plaintiffs' counsel proposed to show by several merchants, whom he produced as witnesses, that they were well acquainted with the expenses of traveling men over the route traveled by the defendant, and for the years in question, and that the expenses of traveling men are much less than the expenses charged by the defendant," and this was refused. "Plaintiffs' counsel then produced witnesses by whom he proposed to show that the defendant had, during all these years, earned about twelve thousand dollars, and that he had made investments, and paid for property about fourteen thousand dollars, besides supporting his family. That he had no other source of revenue," and the court excluded it. "Plaintiffs' counsel then produced witnesses who had estimated the cost of railroad fare, hotel bills, 'bus fare, livery bills and other expenses on the route traveled by the defendant, and proposed to show by them that the expenses charged by the defendant could not possibly have been legitimately expended," and this was likewise denied.

No other witnesses were called and the court ordered a verdict for the defendant.

The point to be first noticed is the allegation that error was committed in directing a verdict against the plaintiffs. It is said that in the actual state of the evidence they were entitled to recover on the admission made by defendant of the items in the bill of particulars. This position is not tenable. The admissions by the plaintiff when on the stand were conclusive against him and his brother in this action, that the matters in the bill to which the admission of defendant referred had gone into accounts stated: *White v. Campbell* 25 Mich. 463, and on the plaintiffs' theory that the vice in the transactions consisted of the false pretences that the money had been paid for expenses when in truth it had not been, there was no case for the jury. The allegation of the fraud was without legal evidence to countenance it.

The next question is whether the court erred in denying the offer to show what the actual expenses of other traveling men had been over the same route, in the same years, and that they were much less than were charged by defendant. The purpose and only purpose of the proposed evidence, must have been to induce the jury to accept the difference between the defendant's expense-account and the expenses of third persons going as agents along the same general route and in the same years, as a fact tending to show that the defendant wilfully inflamed his own statements of expense by adding sums as expended which were not expended at all.

That collateral facts are often relevant and proper will not be denied. But it is always necessary to regard their relation to the question to be settled. There must always be some known and ordinary connection between the facts proposed and the facts to be proved, and the former must have some fair tendency to establish the truth of the latter, and when the collateral facts consist of the conduct of strangers the law usually applies the maxim of *res inter alios acta*, because there is no such general connection between such acts and

the matters to be established as will justify an inference such as may properly be relied on in judicial investigations.

But whether these foreign facts are or are not the acts of strangers, if they are incapable of affording any reasonable presumption or inference as to the final subject, they ought not to be admitted. They are likely to lead to the multiplication of issues and to cause confusion and misjudgment. 1 Greenl. Ev. § 52; 1 Starkie pp. 79, 80, 81, 82; Stephen art. 10.

Illustrations of the doctrine referred to are numerous. The following citations are among them: *Holcombe v. Hewson* 2 Campb. 391; *Jackson v. Smith* 7 Cow. 717; *Wilmot v. Richardson* 6 Duer 328; *Murray v. Smith* 1 Duer 412; *Lewis v. Smith* 107 Mass. 334; *Aldrich v. Inhabitants of Pelham* 1 Gray 510; *Collins v. Inhabitants of Dorchester* 6 Cush. 396; *Lincoln v. Taunton Manuf'g Co.* 9 Allen 181; *Gouge v. Roberts* 53 N. Y. 619; *Lake v. Clark* 97 Mass. 346; *Odiorne v. Winkley* 2 Gall. 51–53; *Brewster v. Dennis* 21 Pick. 237; *Ferneaux v. Hutchins* Cowper 807.

In the present case the offer of evidence was open to all the objections alluded to. It came within the description of *res inter alios acta*, and was also subject to the exception that the facts proposed would not possess the properties in reason to generate the inference called for. The proposition was to compare one state of things with another and to prove thereby that a feature in one was false; but unless they were agreed in those points constituting the premises the comparison would be futile. If the circumstances were not substantially the same the experience of others in regard to the expense of traveling would be a fallacious test of the expense the defendant made, and the establishment of this needed similarity was not provided for nor even possible. It is too plain to be questioned that no such similarity of conditions was to be developed or could be, as would afford any reasonable basis for inferring or contending that the alleged overcharges were false, and that they represented expenditures which were never made. The offer did not and could not contemplate such a generalization of incidents, including

carriage hire and extra excursions however prudent or imprudent; a style of living however frugal or extravagant; and a degree of personal care or indifference in regard to the size of bills rendered, as would afford a jury any just criterion whatever.

The identity of circumstances to make the analogy valid was impossible of proof, and the points of agreement were not such as to authorize any valid inference in respect to the point of supposed disagreement.

The last question arises on the refusal of the plaintiffs' offer to show that during the years in question the defendant earned only about $12,000 and had no other source of revenue, but invested and paid for property about $14,000 besides supporting his family. This proposition was made of course upon the theory that the facts proposed to be proved would tend to show if established that the defendant swindled the plaintiffs by falsifying his account of expenses as alleged, and unless in view of the state of facts at the time the offer was denied, such must have been the legal tendency, the ruling was correct. The description given in an offer of testimony of what is proposed to be shown is assumed to include all that is intended to be shown in addition to what has been already submitted, and when what is offered, though viewed in connection with the evidence previously given, is incompetent to establish the main fact, it is correct practice to exclude it. The court is not bound to spend its time in an inquiry which on the tacit admission of the party can produce no reasonable result.

The offer in question must stand as made. Nothing can be supplied. No incidents can be added. No facts affirmative or negative which are not expressed or clearly implied can be intended. Suppose the facts to have been proved, what were they? That the defendant earned $12,000, and invested $14,000 besides supporting his family. That he had no other *source of revenue*. There was no offer to show that his property was *limited to his earnings*, and it would be absurd to say that because a man's *revenue* is con-

fined to his earnings it follows or is to be inferred that he has no other lawful possessions.

For aught that was shown or offered it may be supposed that the defendant was provided lawfully with sufficient means to make up all he used over and above his earnings, and such would be the presumption of law until the appearance of a state of facts inconsistent with it. It would be very irrational to conclude that because a man was found to have invested an amount beyond his income, he probably obtained the excess in an illegitimate way, not to say one tainted with criminality.

Then as to the expense of his family. There was no offer to show the size of his family, or the expenditure on account of it, and much less what it cost him. No facts were adduced to establish that any portion of the weight of family support finally fell upon him, or if it did that as a legal probability the amount or any portion of it was drawn from the plaintiffs. The premises contained in the offer were wholly insufficient to lead to any relevant inference. Important conditions were wanting. The proposed facts, then, could have availed nothing had they been proved. They would have afforded no legitimate basis for any inference in favor of the plaintiffs' case.

It is proper to add that we wish it not to be implied from this criticism that the offer would have been good if it had contained all necessary requirements of form. On the contrary we regard it as far from certain that it would have been, but no decision on the subject is now called for.

We are of opinion that no error was committed, and that the judgment should be affirmed with costs.

The other Justices concurred.