## COMMONWEALTH *vs.* WILLIAM S. RUSSELL.

Worcester.   October 2, 1893. — October 20, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Intoxicating Liquors — Illegal Keeping for Sale — Evidence.*

At the trial of a complaint for unlawfully keeping for sale intoxicating liquors with intent unlawfully to sell the same, it appeared that on a search for liquors in the defendant's premises two soda glasses wet with whiskey and a bottle partly filled with whiskey were found on a table, and, in the same room, a jug filled with whiskey in a barrel partly filled with sawdust; and that on the floor in another room were a dozen empty whiskey bottles and fifty or more corks, while in the cellar under the defendant's store were three kegs containing liquors. The government put in evidence the defendant's statement, in reply to a question, that the bottle containing whiskey found with the glasses was his, and that he had it for his own use. The defendant then sought to introduce in evidence his statement, made immediately afterward while in the same room, in regard to the jug found in the barrel; and it appearing that, in the next room, a question was asked him in regard to the corks, to which he answered that they must have worked through the door from the adjoining drug store, he sought to introduce his answer to questions put to him immediately before in regard to the bottles found on the floor. Each of these declarations was excluded by the judge, on the ground that it did not appear to be a part of the same conversation with the answers introduced by the government. *Held,* that it could not be said that the evidence offered was wrongly excluded.

COMPLAINT for unlawfully keeping for sale intoxicating liquors, with intent unlawfully to sell the same, on December 10, 1892, at Worcester. At the trial in the Superior Court, before *Maynard*, J., the jury returned a verdict of guilty; and the defendant alleged exceptions, which appear in the opinion.

*J. R. Thayer*, for the defendant.

*F. A. Gaskill*, District Attorney, for the Commonwealth.

KNOWLTON, J. The only questions raised by the bill of exceptions relate to the admission of evidence. On a search for liquors in the defendant's premises two soda glasses wet with whiskey and a bottle partly filled with whiskey were found on a table, and, in the same room, a jug filled with whiskey in a barrel partly filled with sawdust. On the floor in another room were a dozen empty whiskey bottles and fifty or more corks, while in the cellar under the defendant's store were three kegs containing liquors. Each of these articles found in the defendant's possession might have some significance on the question whether the defendant was keeping intoxicating liquors with intent to sell them unlawfully. The Commonwealth put in evidence the defendant's statement, in reply to a question, that the bottle containing whiskey found with the glasses was his, and that he had it for his own use. The defendant then sought to introduce in his own favor his statement, made immediately afterward while in the same room, in regard to the jug found in the barrel, and, it appearing that in the next room a question was asked him in regard to the corks, to which he answered that they must have worked through the door from the adjoining drug store, he sought to introduce his answers to questions put to him immediately before in regard to the bottles found on the floor. Each of these declarations was excluded by the court, on the ground that it did not appear to be a part of the same conversation with the answers introduced by the Commonwealth.

The testimony admitted tended to show that the bottle found on the table and the corks found on the floor of the next room were distinct subjects of inquiry by the searching officer, and the defendant's answer to each of these inquiries was thought to have some significance in connection with the other evidence. The Commonwealth did not offer his declarations in

regard to any other matters than these two. The defendant
had a right to put in evidence anything which he said as a part
of the same conversation that would tend to explain or qualify
these answers, but he had no right to use his declarations in his
own favor in regard to distinct and independent subjects of
inquiry, even though these subjects were of a kindred character,
and related to the same general issue. *Commonwealth* v. *Keyes,*
11 Gray, 323. The defendant's answer in regard to the other
articles found may have had some bearing on the questions and
answers introduced by the Commonwealth; but if they had, it
does not appear by the bill of exceptions. The presiding justice
found that they were not a part of the same conversation. His
finding on a preliminary question of fact in regard to the admis-
sion of evidence is conclusive, unless the evidence on which it
was made is all reported, and unless it appears to have been un-
warranted by the evidence. *Gorton* v. *Hadsell,* 9 Cush. 508, 511.
*Lake* v. *Clark,* 97 Mass. 346. *O' Connor* v. *Hallinan,* 103 Mass.
547. The exceptions do not show what the statements which
the defendant wished to introduce were, and, if it could be said
that they were parts of the same conversation with the answers
relied on by the Commonwealth, it does not appear that they
bore on the same subjects. We cannot say on this bill of excep-
tions that the defendant offered any evidence which was wrongly
excluded.                                        *Exceptions overruled.*