COMMONWEALTH *vs.* JULIA J. MARINO.

SAME *vs.* SAME.

Middlesex.    December 6, 1927. — December 7, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & SANDERSON, JJ.

*Intoxicating Liquors.   Evidence,* Competency.

At the trial of a complaint charging the defendant with making two sales of intoxicating liquor to named persons on two successive days, where there was categorical testimony to the effect that the two sales were made as charged and by the defendant in person, it was proper to exclude evidence that upon proper warrant the defendant's premises were searched shortly after the alleged sales without finding any intoxicating liquor or any implements indicative of traffic in such liquor.

At the trial above described, the defendant testified, and the testimony was corroborated, denying that she made the sales as charged and stating that at the times alleged, and for a considerable period both before and after, she was ill and was not in her store at the time of day when, according to the testimony introduced in behalf of the Commonwealth, the sales were made, but that on the contrary her stepdaughter had charge of the store.   The judge refused to instruct the jury that the only question was whether the defendant sold to the person named in the complaint, and charged them, in substance, that, the defendant having admitted that she owned the store, it was for the jury to say whether "some one other than the defendant sold the liquor."   *Held,* that it was proper to refuse the instruction requested, and that the charge given was correct.

Two COMPLAINTS, received and sworn to in the First District Court of Eastern Middlesex on June 8, 1927, and described in the opinion.

On appeal to the Superior Court, the complaints were tried before *Gibbs,* J., a judge of a district court sitting in the Superior Court under Sts. 1923, c. 469; 1924, c. 485; 1926, c. 285; 1927, c. 282.   Material evidence and exceptions saved by the defendant are stated in the opinion.   There were verdicts of guilty and the defendant alleged exceptions.

The cases were submitted on briefs.

*W. R. Scharton & M. Palais,* for the defendant.

*R. T. Bushnell,* District Attorney, *& W. L. Bishop,* Assistant District Attorney, for the Commonwealth.

RUGG, C.J. These are two complaints wherein the defendant is charged with making two sales of intoxicating liquor to a named person on two successive days in May, 1927. There was categorical testimony to the effect that these two sales were made, as charged, by the defendant in person.

The evidence offered by the defendant tending to show that upon proper warrant the defendant's premises were searched shortly after the alleged sales without finding any intoxicating liquor or any implements indicative of traffic in such liquor was excluded rightly. Such evidence was utterly without probative value touching the offences charged. See *Commonwealth* v. *Russell*, 160 Mass. 8. Cases like *Commonwealth* v. *Johnson*, 199 Mass. 55, *Commonwealth* v. *Coyne*, 228 Mass. 269, and *Commonwealth* v. *Feci*, 235 Mass. 562, are too plainly distinguishable to require discussion.

The defendant testified in her own behalf, denying that she made the sales as charged and stating that at the times alleged, and for a considerable period both before and after, she was ill and was not in her store at the time of day when, according to the testimony introduced in behalf of the Commonwealth, the sales were made but that on the contrary her stepdaughter had charge of the store. This testimony was corroborated. In these circumstances the judge rightly charged the jury, in substance, that, the defendant having admitted that she owned the store, it was for the jury to say whether "some one other than the defendant sold the liquor. If so, and the said sale was made by the agent, with the defendant's knowledge or consent, then the defendant would be guilty of the sales made by the agent." This was correct. The judge rightly refused the requested instruction that the only question was whether the defendant sold to the person named in the complaint. *Commonwealth* v. *Nichols*, 10 Met. 259.

*Exceptions overruled.*