ALBANY,
Oct. 1827.

M'Cormick
v.
Sisson.

---

M'CORMICK against SISSON. (a)

CASE, for a malicious prosecution; tried at the Yeates circuit, March, 1824, before THROOP, C. Judge.

At the trial, it appeared that the defendant obtained a warrant from a justice, against the plaintiff, on a charge of theft, and when he was brought before the justice, he (the justice) examined some witnesses; but before he had finished the examination, the parties declared they had settled all matters of difficulty between them; and, on that account, he proceeded no further. The defendant moved for a non-suit, on the ground that the plaintiff had not shown that he was acquitted and discharged by the justice, but the motion was overruled. Evidence was given by the plaintiff, tending to show that Sisson prosecuted before the justice with the view to coerce a settlement, and surrender of the property alleged to be stolen; and the judge decided that from the settlement, together with other evidence given on the part of the plaintiff to show malice in the defendant, both want of probable cause and malice might be implied. He submitted to the jury, upon the evidence,

Where the defendant obtained a warrant against the plaintiff for theft, who was brought before a justice, but discharged because the parties had settled; held, that this was not such an acquittal as would warrant an action for a malicious prosecution.

In this action, want of probable cause cannot be inferred from a settlement and consequent dismissal of the prosecution, though accompanied with evidence of malice; but

want of probable cause must be shown by the plaintiff. It is the gist of the action.
Whether there be probable cause is a mixed question of law and fact.

(a) This cause was decided in August term, 1826.

ALBANY,
Oct. 1827.

M'Cormick
v.
Sisson.

[*716]

whether there was probable cause. Verdict for the plaintiff, with 75 dollars damages.

*W. M. Oliver*, moved for a new trial. He said, to support the action, the defendant must be fully acquitted and discharged by the judgment of the justice. (Selw. N. P. 1064; 1 Salk. 20; 2 id. 456; 6 Mod. 261; Esp. N. P. 285; 2 Chit. Pl. 251, precedents and notes; 1 Doug. 215; 2 T. R. 231.) In *Secor* v. *Babcock*, (2 John. 203,) the plaintiff was discharged by the justice for want of probable *cause. It was on this ground that the action was maintained.

It does not lie with the defendant to show probable cause, be the proof of malice what it may. Want of probable cause cannot be inferred from malice, or from the settlement. It lies with the plaintiff to show it affirmatively, substantially and expressly. It is the essential ground of the action. (1 T. R. 544; 2 Phil. Ev. 112; 2 T. R. 231; Selw. N. P. 1063; 10 John. 106; 1 Campb. Rep. 199, 202, 203, and the notes.) The last book reviews the doctrine, and settles this point in favor of the defendant. Indeed all the cases are that way.

The judge should not have submitted the question of probable cause to the jury. It was a mixed question of law and fact. (1 T. R. 545; Bul. N. P. 14; Esp. N. P. 277; 2 Browne's Penn. Rep. app. 42, 67, 64.)

*J. Maynard*, contra, insisted that the abandonment of the prosecution before the justice should be taken as, at least, *prima facie* evidence of want of probable cause. (*Martin* v. *Lincoln*, Bul. N. P. 13.)

It is not necessary that the plaintiff should have been acquitted. It was enough that the prosecution was determined, or had ceased in any other way, when this action was commenced.

It is certainly competent to infer a want of probable cause from the conduct and language of the prosecutor. Beside, it is contrary to a well settled rule of evidence to require proof from the plaintiff that there was no probable cause. It is demanding evidence of a negative, which it is always difficult to obtain, and, in most cases, impossible.

The counsel cit.d Cro. Jac. 490; 1 Salk. 14; 1 Str. 1691; 2 John. Rep. 203; 4 T. R. 248; and he denied that the case of *Smith* v. *M'Donald*, (3 Esp. Rep. 7,) is law.

*Curia*, per WOODWORTH, J. I think the objection taken, that there was no acquittal, is fatal. The justice did not decide, whether there were grounds for the complaint *or not. It is essential that the plaintiff prove he has been acquitted. The discharge must be in consequence of the acquittal. The action cannot be sustained unless the proceedings are at an end by reason of an acquittal. In this case the proceedings ended in consequence of a settlement. The justice heard a part of the testimony only, and formed no opinion on the subject. (2 T. R. 231; Doug. 215; 2 John. 203.)

The judge also decided that the defendant must show probable cause. I apprehend the law is otherwise. The want of probable cause is the gist of the action; and if so, the plaintiff must show it, to maintain his action. (2 T. R. 231; 10 John. 106; 1 Campb. 199.)[1]

ALBANY,
Oct. 1827.

M'Cormick
v.
Sisson.

[*717]

[1] Action will not lie for maliciously causing plaintiff to be arrested on a criminal charge before a magistrate, except the proceeding complained of be so far ended that nothing more can be done by the prosecutor without commencing anew. *Clark* v. *Cleveland*, 6 Hill, 344.

But to maintain the action it is not necessary to show an acquittal which bars a second prosecution; nor essential that any judicial decision on the merits should appear to have been made. Ib.

A person arrested in one county, by force of a warrant issued in another, and indorsed, upon a charge of having obtained money on false pretences, was released from custody on entering into recognizances in the county where arrested, to appear at the next general sessions of the county wherein the warrant issued; he did so appear, but the plaintiff did not, nor were any further steps taken under the warrant. Held, that the recognizance was a nullity; and, therefore, because the party was still subject to be arrested under the warrant, he could not maintain an action for malicious prosecution. Ib.

This action cannot be maintained without showing the absence of probable cause, as well as express malice. *Fashay* v. *Ferguson*, 2 Denio, 617.

Probable cause is a reasonable suspicion founded on circumstances, which would warrant a cautious man in the belief that the person he accused was guilty, and which were known to him at the time of commencing the prosecution. Ib

The judge also erred in submitting to the jury the question whether there was probable cause. Whether the circumstances alleged are true, is a matter of fact; if true, whether they amount to probable cause is a question of law. (1 T. R. 545; Bull. N. P. 14.)

The verdict must be set aside, and a new trial granted, with costs to abide the event.

New trial granted.

In an action on the case of a malicous prosecution, in causing the plaintiff to be arrested on a charge for feloniously taking property, it is sufficient evidence of want of probable cause that the party making the complaint knew that the other party claimed, and had at least a *prima facie* right to the property. *Weaver* v. *Townsend*, 14 Wen. 192.

Where one prosecuted for felony before a justice, and swore to the felony on the examination; and the accused went into his defence, the scope of which was to show that the prosecutor was mistaken in his testimony; and the justice discharged the accused; held, that an action for malicious prosecution would not lie, the testimony of the prosecutor making but probable cause. *Burlingame* v. *Burlingame*, 8 Cow. 141.

An arrest and holding to bail are not indispensably necessary to the maintenance of an action for a malicious prosecution. *Pangburn* v. *Bull*, 1 Wen. 345.

The naked fact of a party commencing two suits in a justice's court, after being himself sued by the party whom he prosecutes, and neglecting to appear at the return of the summonses, is not such evidence of a want of probable as will sustain an action for a malicious prosecution. *Gorton* v. *De Angelis*, 6 Wen. 418.

Want of probable cause must be shown affirmatively, and will not be inferred from the mere neglect to prosecute a suit commenced. Ib.

The acquittal of the party indicted is not *prima facie* evidence of the want of probable cause for complaint on the part of the accuser. *Scott* v. *Simpson*, 1 Sandf. 601. N. Y. Dig. Vol. 3, p. 485, *et seq.*, tit. *Malicious Prosecution.*