Gorton
v.
De Angelis.

GORTON *vs.* DE ANGELIS.

The naked fact of a party *commencing two suits* in a justice's court, after being himself sued by the party whom he prosecutes, and *neglecting to appear* at the return of the summonses, is not such evidence of a *want of probable cause* as will sustain an action for a *malicious prosecution.*

Want of probable cause must be shewn affirmatively, and will not be inferred from the *mere neglect* to prosecute a suit commenced.

THIS was an action for *malicious prosecution,* tried at the Oneida circuit in October, 1829, before the Hon. NATHAN WILLIAMS, one of the circuit judges.

Gorton sued De Angelis in a justice's court, and on the 9th February, 1829, the parties appeared before the justice, *J. B. Read, Esq.,* and the plaintiff declared for a quantity of hogsheads, barrels, &c. and for work and labor. The defendant pleaded the general issue, and gave a general notice of set off, and claimed damages for leakage of the hogsheads, &c. and the cause was adjourned until the 26th February, when, at the request of the defendant, it was further adjourned until the *first* day of *April,* and subsequently, on a like request, until the *second* day of *May,* afterwards, until the *twelfth* day of *May,* when the cause was tried, and a judgment rendered for the plaintiff for $5,98 damages. Whilst this suit was pending, De Angelis commenced a suit by summons against Gorton, before another justice, viz. *W. Townsend, Esq.* The action was trespass on the case, and the summons was returnable on the *fourteenth* day of *April.* Gorton appeared, and De Angelis not appearing, the suit was discontinued. A few minutes after the discontinuance, and previous to Gorton's leaving the court, De Angelis appeared and took out a new summons, in an action of trespass on the case, against Gorton, returnable on the *twenty-first* day of *April.* On the return of this second summons the parties appeared, and De Angelis declared against Gorton, charging him with damages sustained in the leaking of certain hogsheads, and with money paid, &c. Gorton pleaded the suit commenced by him against De Angelis, in bar of a recovery,

averring that De Angelis had set off the same matters now alleged in his declaration in that suit, and asked for time to procure the attendance of *J. B. Read, Esq.*, the justice before whom the first suit was commenced. Time was granted. This was at about four o'clock in the afternoon. At ten o'clock P. M., Gorton not having returned, the justice, Townsend, proceeded to the hearing of the cause, and gave judgment for De Angelis, for the sum of $28,32. Gorton returned, and brought with him *Read*, the justice, about fifteen minutes after judgment was rendered against him by Townsend. De Angelis, having withdrawn two items of the demand exhibited before the justice on the twenty-first day of April, took out another summons from *Townsend*, in an action of trespass on the case against Gorton, returnable on the *twenty-eighth* day of *April*; on which day Gorton appeared, and De Angelis not appearing, the justice rendered judgment against him for costs. The justice stated that before Gorton went away, he thought that De Angelis came, but could not be confident of the fact. The summons was returnable at the distance of nine miles from the residence of Gorton. Gorton appealed from the judgment rendered against him on the 21st April, to the common pleas, and on the 30th April discontinued the same, and paid the costs of the appeal. On these facts appearing, and the plaintiff resting, the defendant moved for a nonsuit, on the ground that no evidence of want of probable cause had been given. The judge decided, that on the evidence before him, the question of want of probable cause was a question of law, and that in his opinion the plaintiff had failed to establish this essential ground of his action, and directed a nonsuit to be entered, which the plaintiff now moved to set aside.

*A. Bennett*, for plaintiff.

*W. C. Noyes*, for defendant.

*By the Court*, MARCY, J. What took place in relation to the first suit commenced by De Angelis, does not afford competent evidence of a want of probable cause. The summons was in trespass on the case. As the plaintiff did not declare,

we are without evidence that would authorize the inference that he sought therein to recover what he might have set off in the suit instituted by Gorton against him. It would, I think, be rather conjecture than a conclusion warranted by facts, for us to say that he did not intend to appear at the return of the summons, but procured it to be issued from malice and with a view to harass Gorton. This prosecution, though it may reflect some light on those that followed, does not shew the cause for which it was instituted, and much less does it shew that it was instituted for no probable cause.

As to the second suit, the plaintiff is met by insurmountable difficulties, in attempting to make out that it was without probable cause. It is necessary that he should aver and prove that the prosecution, which he alleges to have been malicious, was not only terminated, but terminated in his favor. This is a general rule, to which I believe no exception can be found. The recent case decided by this court, *Burt* v. *Place*, 4 *Wend. R.* 591, may possibly be viewed as an exception; but in truth it is not so. In that case, it is true the suits complained of as malicious were decided by the magistrate in favor of the plaintiff, but the defendant brought appeals, and reversed the judgments in the courts below. This court held that the appeals were a continuation of the suits, and the decisions of the common pleas, in favor of the appellant, satisfied the rule of law that the suit alleged to be malicious, must be decided against the person instituting it. The second suit complained of in this case as malicious, was decided in favor of the plaintiff therein; and that decision now remains in full force. The plaintiff brought an appeal, but afterwards discontinued, and paid the costs of the appeal. That suit cannot, therefore, be adjudged to have been without probable cause.

As to the third suit, it will hardly be pretended that the procuring of a summons to be issued, and failing to appear in court at the return of it and prosecute the suit, is sufficient evidence of a want of probable cause to sustain an action for a malicious prosecution. It should be recollected that in such action the plaintiff must shew affirmatively that there was a want of probable cause. It is not sufficient for him

to shew that the defendant did not proceed in the suit which he alleges to have been malicious, and thence infer that there was no probable cause for instituting it, or thereby seek to shift the burden of proof as to the probable cause on the defendant. But it is insisted for the plaintiff that the pendency of the suit of the plaintiff against the defendant, in which the defendant had the right, and in which it was his duty to set off any claim he had against the plaintiff arising on contract, and his instituting the two previous suits against the plaintiff, before Townsend, are sufficient evidence of the want of probable cause for the last suit. The same remarks which I made on the effect of the pendency of the plaintiff's suit against the defendant, upon the question of probable cause in relation to the first suit, commenced by De Angelis against Gorton, apply to this suit. As the second suit by the same plaintiff cannot be alleged to be a malicious prosecution, because it terminated in his favor, it would seem to be inconsequent reasoning to regard it as any evidence that the last suit was without probable cause.

It is said that probable cause is a mixed question of fact and law, and the facts in this case should have been submitted to the jury for them to infer a want of probable cause. What is meant by the expression that probable cause is a mixed question, and when it is proper to submit it to the jury to pass on, is explained in *Masten* v. *Deyo*, 2 *Wend. R.* 424. If the facts, which are adduced as proof of a want of probable cause, are controverted; if conflicting testimony is to be weighed; or if the credibility of witnesses is to be passed on, the question of probable cause should go to the jury, with proper instructions as to the law; but where there is no dispute about the facts, it is the duty of the court on the trial to apply the law to them. In this case there was no contest about the facts, no conflict in the testimony, no impeachment of the witnesses. We cannot, therefore, say the judge erred in assuming to himself to pronounce upon the legal effect of the evidence, nor do we think he erred in the conclusion to which he arrived.

Motion for new trial denied.