## D. H. Ferguson, Joseph Oppenheimer and S. Oppenheimer *vs.* Isaac L. Tobey.

In an action of damages for a malicious arrest and prosecution, the plaintiff cannot be asked to state the amount of damages he sustained by reason of the alleged tort. It is for the witness to state facts, and the jury to estimate the damages.

In mitigation of damages, claimed for continued imprisonment, it may be shown the defendant refused to accept bail.

If the complaint does not show the proceeding upon which the prosecution was based and the arrest had terminated favorably to the party bringing the suit for damages, it fails to state facts sufficient to constitute a cause of action.

Error to the Second Judicial District holding terms at Vancouver.

Opinion by Jacobs, Associate Justice.

This action was commenced in the District Court of the Second Judicial District, sitting at Vancouver. It was an action by the defendant in error against the plaintiffs in error to recover damages for an alleged malicious prosecution. The alleged arrest and imprisonment took place in the State of Oregon, under a writ of arrest, and a writ of execution issued out of the County Court of Multnomah County in said State. There was a verdict and judgment in the District Court in favor of defendant in error for the sum of five thousand dollars damages. It is brought here for review on exceptions taken to the rulings and decisions of the learned judge who tried the cause in the Court below.

We have not considered it necessary to consider all the errors assigned, and have based our decision on those mentioned and discussed hereinafter in this opinion.

The pleadings admit that defendant in error, before the bringing of this action, was sued in the County Court of Multnomah County, State of Oregon, by the plaintiffs in error to recover the sum of $317.80 due on a promissory note, executed by defendant in error to plaintiffs in error, and that said plaintiffs on the 28th of April, A. D., 1868, recovered a judgment for want of an answer, for said sum in said Court. The defendant in error was personally served with process but made no defense to said action in said Court. It is further admitted in the pleadings, that as a provisional remedy, provided by the laws of Oregon, defendant was arrested and in default of bail was imprisoned before said judgment was rendered, and that execution was issued against his body in default of payment after said judgment was rendered. Said imprisonment commenced on the 6th day of April, A. D., 1868, and ended on the 18th day of May, following.

In the trial of the action for damages, in the District Court, Tobey, the defendant in error, was introduced as a witness in his own behalf; after having stated that said malicious arrest and prosecution had seriously injured his business, he was asked by his counsel the following question: "What amount did it injure your business?" His answer was, "that he was injured to the sum of three thousand dollars." Question and answer were both objected to, but the objection was overruled by the Court, and the evidence admitted. An exception was duly taken at the time. The admission of said evidence is assigned as error. No principle is better established than that which excludes such testimony. It takes the assessment of damages away from the jury, to whom it properly belongs and gives it to witnesses, often biased, and in this case deeply interested. It was the duty of the witness to state the facts, of the jury to assess the damages, from the facts proven.

The line that separates the duty of a witness from that of a juror is the line which separates facts from results, or conclusions arrived at by the aid of comparison and reason. The former is the province of a witness, the latter of jurors. 1 Greenl. Evd., Sec. 440; 2 Compt., 514.

As the admission of this testimony was clearly illegal, injurious to the rights and interests of plaintiffs in error, if there were no other grounds for reversing the judgment of the Court below, this would be sufficient.

The second error which we shall notice, is the refusal of evidence by the Court below, showing that the defendant could have obtained bail in Oregon, but that bail was actually offered him.   We are clearly of the opinion that the evidence ought to have been received.   It went directly to the question of damages.   No man has a right, even if there has been wrong done him, to make his damages greater than, by the use of ordinary exertions, they need be.   "He can charge the delinquent party, only for such damages, as by reasonable endeavors and expense, he could not prevent."   2 Greenl. Evd., Sec. 261; *Locker vs. Damon*, 17 Pickering, 284.

The third and last error assigned which we deem it necessary to notice is this:   That the complaint does not state facts sufficient to constitute a cause of action.   This, let it be remembered, was an action to recover damages for an alleged malicious arrest and prosecution of the defendant in error.   To sustain this action, the complaint must aver, and the proof sustain, three distinct propositions:

1.   That the arrest and prosecution were malicious.

2.   That there was no probable cause for the same.

3.   That the proceeding or action, in which the arrest was had, terminated in favor of the party bringing the action for damages.   7 Barbour S. C., 656; 13 *ibid*, 412; 16 Howard, P. R., 120 and 262; 1 Wendell, 127 and 141; 6 Cowen, 463-4; 1 Peters, C. C., 30 and 35; 5 Cranch, 171; 3 Peters, 193; 2 Howard, 341; 17 Johnson, 144; 5 McLean C. C., 148; American L. C., vol. 1, page 209; 6 Dana, 321; 15 Mass., 243; 4 Wendell, 591; 5 *id.*, 299; 21 *id.* 554; 7 Howd. P. R., 400; 4 E. D. Smith, 544; 29 Cal., 644; 18 Ill., 114; Douglas R., 215; 1 John. Cases, 436; 1 Wallace, 634.

The complaint in this case not only does not show that the action terminated favorably to the plaintiff in the Court below,

but it does show directly the contrary. The County Court of Multnomah County had full and complete jurisdiction over the person and subject matter of the action. If the arrest had been illegal or without probable cause, that Court on motion, would have vacated the arrest. But no motion was made for the vacation of the arrest, and no attempt was made to show that it was illegal. If an attempt had been made, and the judgment of the County Court had been adverse to the defendant in error, he could by appeal, writ of review, or writ of error, have obtained the judgment of the circuit and supreme courts, of that state, on the legality of his arrest and imprisonment. But he did nothing, and his silence was a tacit admission of the legality and propriety of the proceedings taken against him. Although there is a conflict among the authorities on the question, whether the judgment of an inferior tribunal against him would not have been conclusive evidence of probable cause, yet we hold that a judgment in his favor on appeal, writ of error, or writ of review, would have been sufficient to establish his right of action. We do not deem it necessary to decide the other questions raised, or errors assigned. It is therefore ordered and adjudged that the judgment rendered in the Court below in this action be reversed at the cost of defendant in error, and that this action be remanded to the Court below for further proceedings therein, in accordance with this judgment.