# GEORGE C. HAMMOND *et al.*
## *v.*
## HENRY WILL.

1. JUDGMENT—*probable cause.* The judgment of a justice of the peace against the landlord in case of a distress for rent, on the ground that a check had been drawn for more than the sum due, and delivered to, and was still held by, the landlord's agent, but had been offered to be returned to the drawer, and refused, cancelled the rent, is not conclusive of the want of probable cause for distraining.

2. SAME—*as evidence.* A judgment against the landlord, in such a case, is only *prima facie* evidence of probable cause, which may be rebutted.

3. In such a case, where the tenant had abandoned the premises of his own accord and drew a check for a few dollars more than was due for a month's rent, and sent it to the agent of the landlord, with a view of terminating the lease by having it received as the amount due to a date after the month's rent was due, and to thus estop the landlord from claiming rent for the balance of the term, but the agent refused to accept it and offered to return it, and never presented it for payment: *Held,* that these

facts showed probable cause for distraining for the month's rent which was due, and that there were not grounds for maintaining an action for maliciously, and without probable cause, suing out and levying a distress warrant for rent due.

Appeal from the Circuit Court of Cook county; the Hon. John G. Rogers, Judge, presiding.

Messrs. Jones & Gardner, for the appellants.

Messrs. Helm & Hawes, for the appellee.

Mr. Justice Thornton delivered the opinion of the Court:

This action was brought to recover damages for maliciously, and without any probable cause, suing out a distress warrant, by virtue of which the goods of the plaintiff were seized.

The jury found a verdict for $800, upon which judgment was rendered.

Cole & Son were agents of Hammond, and rented to Will a house belonging to Hammond. The term did not expire until the 1st of May, 1871.

On the 3d of October, 1870, Will removed from the house, but had given no intimation of it to his landlord or the agents, prior to removal.

On the 10th of October, the agents sent a note to Will, requesting a check in payment of the rent for the month of September. The rent was $45 per month.

Will, in reply, sent the following check:

"*Chicago, Oct.* 12, 1870.

"Merchants' National Bank of Chicago,

Pay D. Cole & Son, or order, (for rent due to October 3d, 1870,) forty-nine dollars and fifty cents ($49.50.)

Henry Will."

A few days afterwards Cole saw Will, offered to return the check, and demanded one for $45 for the rent of September, but Will refused to do anything more about the matter.

This check was not, in fact, accepted; was never presented at the bank, but was retained by Cole & Son until the trial before the justice of the peace.

406      HAMMOND *et al. v.* WILL.      [Sept. T.,

Opinion of the Court.

The foregoing occurred before the issue of the distress warrant.

Will admitted in his testimony that, when he wrote the check, he had abandoned the house, and that his object was to stop the payment of the rent on the 3d day of October.

The other party surmised this purpose and refused to accept the check in payment, and thus recognize the intended termination of the tenancy.

The fact that Will paid the rent of the premises up to the 1st of May, 1871, corroborates the statement of Cole that the tenancy existed until that time.

All negotiations having failed for settlement of the rent for September, except by the check for $49.50, the distress warrant was issued, and some carpets of the tenant were seized. They were not injured, and were returned by the constable in a few days after the seizure.

Upon the return of an inventory of the property distrained, a summons was issued and served, and a trial was had, and a judgment was given for the defendant, Will.

By this time the rent for October was due, and the tenant paid $40.50, which, with the check for $49.50, completed the payment of rent for the months of September and October.

Was the judgment, rendered by the justice of the peace, conclusive upon the question of probable cause?

This is the position assumed, but no authority is furnished in support of it.

No record of the judgment of the justice was produced, but he was permitted to state that the matter in controversy was the rent for September; and that he decided in favor of the defendant in the suit before him, because a check had been sent for an amount greater than the rent; and as the money might have been obtained, there was no cause of action.

The plaintiff, upon the trial below, did not rely upon the conclusiveness of the judgment of the justice. He introduced all the evidence which had been produced before the justice.

The questions as to the effect of the check as payment, the amount of the rent, and the character and term of the tenancy, were as fully presented on the trial in the circuit court, as before the justice.

The court also, without objection on the part of the plaintiff, instructed the jury that, if the plaintiff abandoned the premises before the termination of the lease, and gave the check in question for the purpose of securing the termination of the tenancy and estopping the defendants from the collection of any further rent, they were not bound to accept such check as payment; and if they did not accept it in payment, they might lawfully pursue their legal remedy for the unpaid rent.

In this case, it would be most unjust and unreasonable to hold that the judgment was conclusive as to the question of rent and the effect of the check. The *gravamen* of the action, in all the counts, is the unlawful and malicious distress of the goods of the plaintiff. This grievance had been committed before the issuance of the summons, and the substantial cause of action, if any existed, was complete without any reference to the trial.

The question therefore is, was there probable cause for the issue of the distress warrant? We are not concluded by the judgment of the justice. At most, it could only be *prima facie* evidence of want of probable cause, and the consequent malice implied by law.

The actions for malicious arrest and malicious prosecution are analogous. The probable cause of action arises in both cases. In malicious civil suits, the discontinuance of the former suit has been held only *prima facie* evidence of want of probable cause.

This was so ruled in *Nicholson* v. *Coghill*, 4 Barn. & Cress. 21, and that the *onus* was thus thrown upon the party who directed the arrest.

In *Webb* v. *Hill*, 3 Car. & Payne, 485, case was brought for malicious arrest, and the discontinuance of the suit was held

408 HAMMOND *et al. v.* WILL. [Sept. T.,

Opinion of the Court.

to be only *prima facie* evidence of the want of probable cause, because it was the act of the party.

In *Bristow* v. *Heywood*, 1 Starkie, 48, the discontinuance, upon payment of costs, was decided not to be conclusive of want of probable cause, and that its existence was not thereby excluded.

In *Gorton* v. *DeAngelis*, 6 Wend. 418, the court held that want of probable cause must be shown affirmatively, and will not be inferred from the mere neglect to prosecute a suit commenced. See, also, *Sinclair* v. *Eldred*, 4 Taunt. 7.

In *Burhaus* v. *Sandford*, 19 Wend. 417, it was held that the voluntary discontinuance of the suit complained of merely changed the *onus*, and that the defendant had the right still to show probable cause.

Was there probable cause for the distress in this case? If the facts and circumstances are such as to induce the inference that the party was actuated by an honest and reasonable conviction of the right to issue the warrant, then there was probable cause.

It is conclusive, from the testimony, that the lease had not terminated when the check was given; that the rent for September was then due; that the check was not accepted as payment, but was offered to be returned to the drawer, and the proper amount of rent demanded.

The particular language of the check, coupled with the prior and subsequent conduct of the tenant, indicate, unmistakably, an intention, by a trick, and without the consent of the landlord, to terminate the tenancy and prevent the collection of rent in the future.

Under the facts proved, there was probable cause for the issue of the distress warrant, and the plaintiff is not entitled to recover.

The judgment is reversed and the cause remanded.

*Judgment reversed.*