Andrews, J.
If the defendant directed the officer to arrest the plaintiff and he took her into custody in consequence of such direction, the defendant is liable as in an action for false imprisonment, unless he gave evidence establishing a justification.
To justify a private person in arresting or aiding in the arrest of another without warrant, on a criminal charge, it must appear that a felony had been committed, and that he acted circumspectly and upon grounds which would have justified a careful and prudent person in believing that the person arrested was guilty of the crime. The burden is upon him to show, when sued for the arrest, that the circumstances justified the suspicion ; and if this is made to appear he is not liable, although the accused was in fact innocent. (Addison on Torts, 555 ; Holley v. Mix, 3 Wend., 354; Bracket v. Eastman, 17 id., 32; Carl v. Ayers, 53 N. Y., 14; Holroyd v. Doncaster, 11 Moore, 440.)
If, in this case, the defendant had no such direct agency in the original arrest of the plaintiff as to make him liable in the action for false imprisonment, the action may be maintained as one in the nature of malicious prosecution, if the subse *454 quent arrest on the warrant issued by the magistrate was instigated by him maliciously and without probable cause. The distinction between the two forms of action is clearly stated by Ashhurst, J., in Morgan v. Hughes (2 T. R., 114). He says: “ When the immediate act of imprisonment proceeds from the defendant, the action must be trespass, and trespass only; but when the act of imprisonment by one person is in consequence of information from another, then an action on the case is the proper remedy, because the injury is sustained in consequence of the act of that other.” To support the action for malicious prosecution, where the arrest was made upon a warrant issued by a magistrate having jurisdiction to issue it, it must appear that the prosecution was instigated by the defendant; and the onus is upon the plaintiff to show that the defendant was the prosecutor, and that the prosecution was without reasonable or probable cause. (Gorton v. De Angelis, 6 Wend., 418; Besson v. Southard, 10 N. Y., 236; Wheeler v. Nesbitt, 24 How. [U. S.], 544.)
The judge, on the trial, was requested by the counsel fo the defendant to charge the jury “that if the defendant did accuse the plaintiff on the moment, yet if it was from the fact of her being in custody of the officer, and brought there under, such circumstances and in good faith, the plaintiff should not recover.” The judge refused to charge this proposition, except with the qualification that the defendant had reasonable grounds for believing that the plaintiff was guilty.
This action cannot, I think, be maintained as an action for false imprisonment. The stolen goods had been taken in pawn by the defendant, and were found in his possession by the officer. The plaintiff, in company with the officer, subsequently went to the defendant’s store, and on being asked, both by the plaintiff and the officer, if the plaintiff was the person who pawned the goods, the defendant, after stating that she had a different dress on, identified her as the person from whom he received them; and afterward in *455 speaking to her said, “ she was a foolish woman for making a thief of herself.” The officer and the plaintiff left the store, and she was taken by the officer to the police office, where she was detained till the next day, when complaint was made against her by the owner of the goods for the larceny, and she was committed, and, on a subsequent examination, was discharged. The defendant was subpoenaed as a witness, on the examination and testified that he could not positively identify the plaintiff as the person who pawned the goods. The proof did not establish that the arrest of plaintiff was by the defendant’s agency or procurement. He neither counseled or directed it. He did nothing beyond answering the inquiry made of him when the plaintiff and the officer came to the store. The plaintiff had not then been arrested; but the defendant did not know this, nor was she arrested in his presence. It was his duty to answer the inquiry made; and it would be very hazardous for individuals to give an opinion as to the identity of persons under such circumstances, if it could be done only at the risk of being laid in damages for false imprisonment, in case it turned out that they were mistaken. The officer acted upon his own responsibility in making the arrest; it was his act and not that of the defendant. (Grinham v. Willey, 4 H. & N., 499.)
Nor, if the defendant acted bona fide, could he be charged for the subsequent prosecution. He did not institute it. The warrant was issued upon the application and complaint of Mrs. Kinsella. If the identification was a pretence merely, and mala fide, the subsequent arrest and prosecution might possibly be charged as having been made by the defendant, because it was in consequence of the false information. But, otherwise, I do not see how the action can be maintained; and I am of opinion that the defendant was entitled to have the jury charged in accordance with his request.
■ Where the defendant in an action for malicious prosecution, for causing the arrest of the plaintiff on a criminal charge was in -''''i" u prosecutor, his mere belief that the plaintiff was
*456 guilty is not probable cause for the prosecution, if he acted negligently or irrationally, and upon suspicion not warranted by facts, or by appearances which would lead a prudent man to suppose the plaintiff guilty. A real belief and reasonable grounds for it must concur to afford a justification. Good faith alone is not sufficient. (1 Amer. Leading Cases, 265 ; Merriam v. Mitchell, 13 Me., 439 ; Travis v. Smith, 1 Barr [,Penn. St.], 234; Burlingame v. Burlingame, 8 Cow., 141; Hall v. Suydam, 6 Barb., 84.) But where the defendant was not the prosecutor in fact, and is sought to be made so by construction for having given false information, which led to the subsequent arrest, the motive is material; and if he acted in good faith it is a defence to the action.
The judgment should be reversed and a new trial granted.
All concur except Church, Ch. J., not voting.
.Judgment reversed.