[No. 5224.]

SAMUEL R. EMERSON *v.* ALEXANDER SKAGGS.

MALICIOUS PROSECUTION.—In an action to recover damages for a malicious prosecution, it is error for the Court to leave it to the jury to determine whether the facts and circumstances proved do or do not establish the want of probable cause.

IDEM.—If, in such action, it clearly appears to the Judge that the facts fail to establish a want of probable cause, he may grant a nonsuit, or direct the jury to render a verdict for the defendant.

IDEM.—If there are facts proved by the defendant which tend to show probable cause, it is error for the Court to charge the jury that the evidence offered by the defendant does not establish probable cause.

APPEAL from the District Court, Seventh Judicial District, County of Sonoma.

The defendant made a complaint against the plaintiff, before James H. McGee, a Justice of the Peace, charging the defendant with having committed the crime of arson by setting fire to a house, known as Skaggs' Springs Hotel, on the 28th of October, 1873. On his examination before the Justice the defendant was discharged. He then brought this action to recover damages for a malicious prosecution. On the trial, the Court instructed the jury as follows :

" Whether there was probable cause for the prosecution against Emerson is a mixed question of law and fact, and I charge you that the evidence offered for the defendant, even if accepted as true, does not establish probable cause for the prosecution.

" If all the statements of defendant and his witnesses, which relate to the relations between Skaggs and Emerson and between Skaggs and the other parties arrested upon his complaint, and all the acts of hostility testified to, and the testimony in relation to communications made to Skaggs, and all the actions of Emerson and those who were arrested with him be true, as stated by said witnesses, still they do not amount to probable cause, and did not justify the arrest of the plaintiff.

" I charge you, in plain terms, that if all the evidence offered by the defense in this action be true, it does not establish probable cause for the arrest of plaintiff."

The defendant excepted to the charge. The plaintiff recovered judgment, and the defendant appealed.

*A. Thomas*, for the Appellant.

*Johnson & Henley*, for the Respondent, cited *Grant* v. *Moore*, 29 Cal. 652; and *Potter* v. *Seale*, 8 Cal. 220.

By the COURT:

It is not error for the trial Court to instruct the Jury in an action for malicious prosecution, that, if certain facts are proved, there was or was not probable cause for the prosecution alleged to have been malicious. On the contrary, such an instruction is eminently proper, and it is error to leave it to the Jury to determine whether the facts and circumstances proved do or do not establish the want of probable cause. (*Bulkeley* v. *Ketelas*, 2 Seld. 387 ; *Grant* v. *Moore*, 29 Cal. 644.) Where there is no dispute about the facts proved by plaintiff, and it clearly appears to the Judge that the facts fail to establish a want of probable cause, he may grant a nonsuit, or direct a verdict in favor of defendant.

In this action the burden is on the plaintiff to show affirmatively that there was a want of probable cause. (29 Cal. 655.) This being made out *prima facie* by plaintiff, it is for defendant to overcome the plaintiff's case by disproving the facts sought to be established by him, or by proving other facts which establish probable cause. But the Court is not authorized, in its instructions, to assume the existence of any fact where there is a conflict in the evidence in respect to it, or its non-existence where there is evidence *tending to prove it.*

It is not necessary to point out specifically the facts which the evidence introduced by defendant tended to prove, and which, if proved to the satisfaction of the Jury, would have established probable cause. It is enough to say that, in our opinion, the Court below should have specified those facts in its instructions, leaving it to the Jury to determine whether they were established or not.

The order denying a new trial is reversed, and the cause remanded for a new trial.